The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hedrick. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representative; or amend the Opinion and Award.
* * * * * * * *
RULING ON MOTION
Plaintiff's motion to remand and to take additional evidence is hereby, and the same shall be, DENIED.
* * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. Plaintiff received temporary total disability compensation from 20 September 1994 through 15 March 1995. Plaintiff received temporary partial disability compensation at the rate of $70.27 per week beginning 14 March 1995.
2. A set of plaintiff's medical records, marked as Stipulated Exhibit Number Two, is admitted into evidence.
3. Defendant's Hearing Exhibits, collectively marked as Stipulated Exhibit Number Three, are admitted into evidence.
4. A CTD Case Audit, consisting of two pages and marked as Stipulated Exhibit Number Four, is admitted into evidence.
5. A videotape depicting plaintiff performing her usual work as a sewer, marked as Stipulated Exhibit Number Five, is admitted into evidence.
6. A two-page letter from Dr. Ferre dated 4 June 1996, is admitted into evidence.
* * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was thirty-five years old. She graduated from high school in 1979. Her work history consisted primarily of employment as a sewer.
2. Plaintiff began her employment with defendant on 23 August 1989. Plaintiff was employed by defendant as a sewer. As a sewer, plaintiff sewed neck bands and labels into sweatshirts using a sewing machine. Plaintiff's wages were based upon her production.
3. The sweatshirts arrived at plaintiff's work station in bundles consisting of twelve sweatshirts. The bundles, which weighed between ten and thirteen pounds each, were placed on a table behind plaintiff's work station. Plaintiff would retrieve a bundle of work and place it on her sewing table. After sewing the neckbands and labels into each sweatshirt, she would re-tie the bundle and slide it onto an adjacent table where another employee would collect the bundles and move them to the next production stage.
4. On 20 September 1994, plaintiff contracted left carpal tunnel syndrome. Thereafter, plaintiff received treatment for her left arm from Dr. Timms, who performed an anterior transposition of the left ulnar nerve on 14 December 1994. Dr. Timms released plaintiff to return to one-handed worked from 21 December 1994 through 11 January 1995.
5. On 14 March 1995, Dr. Timms released plaintiff to return to "full duty" with restrictions against heavy pulling or pushing. Plaintiff returned to work in her usual position as a sewer on 14 March 1995. On that date, plaintiff's earning capacity had been diminished by $105.04 per week as a result of her injury.
6. On 12 April 1995, plaintiff reached maximum medical improvement. On that date, plaintiff had a four percent permanent impairment of her left arm. Dr. Timms permanently restricted plaintiff from lifting over twenty-five pounds and from heavy pushing or pulling. Plaintiff's usual work duties as a sewer were within these permanent physical restrictions for her left arm.
7. Upon attaining maximum medical improvement, plaintiff elected to receive temporary partial disability compensation based upon her diminished earning capacity as opposed to permanent partial disability compensation based upon her four percent permanent impairment.
8. On 10 May 1995, plaintiff returned to Dr. Timms. On that date, plaintiff had bilateral shoulder pain. She was also experiencing pain and numbness in her right hand. On 12 July 1995, plaintiff again returned to Dr. Timms. On this date, plaintiff was experiencing pain in her cervical spine as well as spasms in her trapezial and paraspinal musculature.
9. Plaintiff's neck pain and her right shoulder and arm pain were caused by a herniated disc at C5-C6. Plaintiff's herniated disc was not caused by an incident in her employment with defendant and her employment with defendant did not place her at a greater risk of developing a herniated disc as compared to members of the general public not so employed.
10. As a result of her herniated disc and associated symptoms, plaintiff took a medical leave of absence from her employment with defendant on 30 August 1995.
11. Although defendant had authorized plaintiff to receive evaluations of her herniated disc by two physicians other than Dr. Timms, plaintiff presented to Dr. Ferre for another evaluation on 4 June 1996. Plaintiff did not obtain authorization from defendant to receive an evaluation or treatment from Dr. Ferre. The symptoms for which plaintiff sought Dr. Ferre's treatment or evaluation were not related to her injury on 20 September 1994.
12. Although the physical requirements of her usual position as a sewer were within the restrictions imposed as a result of her left arm condition, plaintiff never met her pre-injury production levels after she returned to work on 14 March 1995. Plaintiff's failure to meet her pre-injury production levels was due to the symptoms caused by her herniated disc or her failure to exert maximum effort.
13. Defendant continued to pay plaintiff temporary partial disability compensation through 14 May 1995, the date the Industrial Commission approved defendant's Application to Terminate Payment of Compensation.
14. On 30 August 1995 and thereafter, plaintiff's 20 September 1994 injury did not render her incapable of earning wages equal to or greater than the wages she earned prior to her injury.
* * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. After 30 August 1995, plaintiff was no longer disabled as a result of her injury on 20 September 1994. N.C. Gen. Stat. §97-2(9).
2. Plaintiff is not entitled to payment of medical expenses incurred for treatment or evaluation of her herniated disc. Specifically, plaintiff is not entitled to payment of medical expenses incurred for services rendered by Dr. Ferre.
3. Plaintiff is entitled to no additional disability compensation as a result of her injury on 20 September 1994.
* * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim for additional compensation must be, and the same is hereby, DENIED.
2. Each party shall bear its own costs.
 S/ __________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _____________ THOMAS J. BOLCH COMMISSIONER
S/ _____________ COY V. VANCE COMMISSIONER
DCS:jmf